UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHON ROSE, *Individually and on Behalf of All Other Persons Similarly Situated*,

Plaintiff,

-against-

HELPING U HOMECARE, INC.,

Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/29/26____

1:25-cv-6260-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The parties have filed a letter stating that they have reached a settlement in principle [ECF No. 12].  Because the Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required for settlement.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor).  "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness."  *Boucaud v. City of New York*, No 07-cv-11098, 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).

Accordingly, IT IS HEREBY ORDERED that by May 6, 2026, the parties shall submit a joint letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)).  Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-

length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees.  *Cheeks*, 796 F.3d at 203, 206.  Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *See id*. at 206.

IT IS FURTHER ORDERED that the Post Discovery Conference that was previously scheduled to take place on May 7, 2026 is ADJOURNED *sine die*.

**The parties are on notice that failure to comply with court orders, the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules of Practice may result in sanctions, including: monetary penalties on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal and default judgment.**

SO ORDERED.

Date:   April 29, 2026
        New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**